**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JEREMY EBY,

       Petitioner,

vs.                                                                              Civil No. 08-1105 BB/RHS

JAMES JANECKA, et al.,

       Respondents.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

      1. THIS MATTER comes before the Court on consideration of Petitioner Jeremy Eby's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"), filed November 17, 2008 **[Doc. No. 1]** and Respondents' Answer, filed February 2, 2009 **[Doc. No. 8]**. Respondents contend that the Petition should be dismissed because, *inter alia*, it is time-barred pursuant to the one-year statute of limitations of the Antiterrorist and Effective Death Penalty Act ("AEDPA"), § 2244(d)(1).

    *Background*

      2. Petitioner Eby is incarcerated and proceeding *pro se*. On September 23, 2005, the state trial court accepted a jury verdict finding Petitioner guilty of Second Degree Murder and Tampering with Evidence. (See Judgment, Sentence and Commitment to Penitentiary, Ex. A to Answer[1]). The state trial court further found Petitioner "to be a serious violent offender, pursuant to § 33-2-34 (L) (4) (a), as provided in § 30-2-1 N.M.S.A. 1978." (Id. at 1-2). Petitioner was sentenced to fifteen (15) years of incarceration, to be followed by two (2) years of

---

        [1]Unless otherwise noted, all exhibits referenced in these proposed findings and recommended disposition are attached to Respondents' Answer.

parole.  (See id. at 2).

3.  The New Mexico Court of Appeals affirmed the state trial court's judgment and sentence on June 30, 2006.  (See Ex. F).  On July 20, 2006, Petitioner filed a petition for writ of certiorari in the New Mexico Supreme Court ("NMSC").  (See Ex. G).  The NMSC denied this petition on September 19, 2006 and issued its mandate on November 20, 2006.  (See  Exs. J, K).

4.  According to Respondents, Petitioner filed a petition for writ of habeas corpus in New Mexico state court on February 11, 2008.[2]  (See Answer at 4; Ex. L).  The state district court summarily denied the petition on February 25, 2008.  (See Ex. M).  Petitioner filed a petition for a writ of certiorari with the NMSC on June 20, 2008, which was denied on July 10, 2008.  (See Exs. N, O).  Petitioner filed his federal habeas corpus petition in this Court on November 17, 2008.[3]

5.  In this case, the one-year limitations period commenced on "the date of which . . . [Petitioner's] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  §2244(d)(1)(A).  This one-year period is tolled for the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  §2244(d)(2); see also Rhine v. Boone,182 F.3d 1153, 1155 (10th Cir. 1999).

*Discussion*

6.  Petitioner's convictions became final ninety (90) days after the NMSC denied Mr.

---

[2] The copy of the petition provided to this Court did not contain a file-stamp date.  The signature page indicates that Petitioner served the petition on February 7, 2008.  (See Ex. L at 1, 8).

[3] Petitioner declared that his federal petition was placed in the prison mailing system on November 12, 2008.  (See Petition at 16).

Eby's petition for writ of certiorari regarding his direct appeal, on approximately December 20, 2006.  Absent any tolling, Petitioner was required to file his federal petition by approximately December 22, 2007 in order to avoid the statute of limitations under AEDPA.  Thus, Mr. Eby's federal petition, filed in November of 2008, exceeds the limitations period by almost a year.

      7.  In this case, the limitations period is not tolled for the time during which Petitioner sought habeas relief in state court, because Petitioner did not begin to seek state habeas relief until after the one year limitations period under AEDPA had passed.  Moreover, the Court finds that even if the limitations period were tolled for the approximately fifteen (15) to twenty (20) days during which Petitioner's state habeas corpus petition was pending,[4] his federal petition would still be out of time by approximately ten (10) months.

*Equitable Tolling*

      8.  The one-year statute of limitations under AEDPA may be equitably tolled, although only "when an inmate diligently pursues his claims *and* demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (emphasis added).  Equitable tolling is appropriate "only in rare and exceptional circumstances."  Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).  Moreover, Petitioner bears the burden of demonstrating that equitable tolling should apply.  Miller v. Marr, 141 F.3d 976, 977-78 (10th Cir. 1998).

      9.  Here, Petitioner neither demonstrates that he diligently pursued his federal habeas claims, nor that the failure to timely file his federal petition was caused by extraordinary

---

[4] Respondents point out that Petitioner's writ of certiorari to the NMSC regarding the denial of his state habeas petition was untimely, and thus, not a "properly filed" motion for tolling purposes.  See N.M.R.A. 12-501(B).

circumstances beyond his control.  Accordingly, Petitioner has not met his burden of showing that equitable tolling should be applied in this case.

## Recommendation

The Court recommends that the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody **[Doc. No. 1]** be DENIED and this civil proceeding be DISMISSED with prejudice on the basis that the Petition is time-barred under 28 U.S.C. § 2244(d).  Any pending motions should be denied as moot.

Within ten (10) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE