IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEREMY EBY,

    Petitioner,

vs.                                          Civil No. 08-1105 BB/RHS

JAMES JANECKA, et al.,

    Respondents.

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on consideration of the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD"), filed February 13, 2009 **[Doc. No. 9]**. On March 12, 2009, Mr. Eby filed "Objections to [the] Magistrate Judge's Proposed Findings and Recommended Disposition" ("Objections") **[Doc. No. 11]**. Having made a *de novo* determination of those portions of the PFRD to which Mr. Eby objects, the Court will adopt the proposed findings and recommended disposition of the United States Magistrate Judge, deny the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 as untimely and dismiss this civil proceeding with prejudice.

The Magistrate Judge recommends that Mr. Eby's federal petition be dismissed as time-barred under the one year statute of limitations set forth in the Antiterrorist and Effective Death Penalty Act ("AEDPA"). In his Objections, Mr. Eby apparently argues that the limitations period should be equitably tolled because he is actually innocent of murder.[1] Mr. Eby contends

---

[1] Equitable tolling of the limitations period is appropriate "when a prisoner is actually innocent." Tafoya v. Janecka, 242 Fed.Appx. 509, (10th Cir. Jul. 17, 2007) (not selected for publication) (citing Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)).

that he is actually innocent because "the evidence proves without a doubt [that] someone other than the Petitioner killed the victim and were it not for the erroneous jury instruction, no jury could have convicted the Petitioner." (Objections at 2). However, the Court finds that Mr. Eby's conclusory allegations are insufficient to support a claim of actual innocence.

Mr. Eby was convicted by a jury of his peers after they had an opportunity to hear and weigh the evidence presented at trial, including Mr. Eby's testimony in his own behalf. The New Mexico Court of Appeals ("NMCA"), after reviewing the trial evidence, affirmed Mr. Eby's conviction, holding that sufficient evidence was presented to support his conviction for second degree murder as an aider or abettor.[2] (Memorandum Opinion ("Memo") at 6, Ex. F, attached to Answer **[Doc. No. 8]**). Mr. Eby unsuccessfully pursued this issue on both direct appeal and in his state petition for writ of habeas corpus.

A petitioner claiming actual innocence must demonstrate that more likely than not, in light of new evidence, "no reasonable juror would find him guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 324 (1995); see also Price v. Friel, 245 Fed.Appx. 855, 856 (10th Cir. Aug. 30, 2007) (unpublished decision) (citation omitted). The petitioner must support his allegations with "new reliable evidence . . . that was *not presented at trial.*" Schlup, 513 U.S. at 324 (emphasis added). Mr. Eby offers no new evidence beyond his own conclusory statements to support a claim of actual innocence. Thus, Mr. Eby fails to meet his burden of showing that the one year statute of limitations under AEDPA should be equitably tolled.

**WHEREFORE,**

---

[2]The NMCA explained that under the State's theory of the case,"the State did not need to prove that [Mr. Eby] killed the victim in order to obtain a conviction for second degree murder." (Memo at 4 (citation omitted)).

**IT IS ORDERED** that the proposed findings and recommended disposition of the United States Magistrate Judge **[Doc. No. 9]** are adopted by the Court.

**IT IS FURTHER ORDERED** that the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody **[Doc. No. 1]** is **denied** and this civil proceeding is **dismissed with prejudice**.

**IT IS FINALLY ORDERED** that any pending motions are **denied** as moot.

_____
UNITED STATES DISTRICT JUDGE